Magistrate Judge Brian. A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW VOEGEL-PODADERA,<br><br>Defendant. | CASE NO. MJ25-371<br><br>COMPLAINT for VIOLATIONS<br><br>21 U.S.C. § 843(a)(3)<br>(Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge)<br><br>**(FILED UNDER SEAL)** |

BEFORE the Honorable Brian A. Tsuchida, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge

On or about December 27, 2024, in King County, within the Western District of Washington, ANDREW VOEGEL-PODADERA did knowingly and intentionally acquire,

Complaint - 1
*United States v. Voegel-Podadera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

obtain, and attempt to acquire and obtain, fentanyl, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge.

All in violation of Title 21, United States Code, Sections 843(a)(3) and 843(d)(1).

## COUNT TWO

### Acquiring a Controlled Substance by Misrepresentation,

### Fraud, Deception, and Subterfuge

On December 27, 2024, in King County, within the Western District of Washington, ANDREW VOEGEL-PODADERA did knowingly and intentionally acquire, obtain, and attempt to acquire and obtain, hydromorphone, a Schedule II controlled substance, by misrepresentation, fraud, deception, and subterfuge.

All in violation of Title 21, United States Code, Sections 843(a)(3) and 843(d)(1).

And the complainant states that this complaint is based on the following information:

1. I am a Special Agent with the Food and Drug Administration – Office Criminal Investigations ("FDA-OCI") assigned to the Kirkland Domicile Office. I have worked as a federal criminal investigator for FDA-OCI since January 2009. Prior to my current employment, I served seven years as a Special Agent with the Internal Revenue Service, Criminal Investigation. I successfully completed the basic criminal investigations program at the Federal Law Enforcement Training Center in Brunswick, GA in 2001. As a Special Agent for the FDA-OCI, I am responsible for investigating violations of the Food, Drug and Cosmetic Act, as well as other federal and state laws. I have directed and/or participated in numerous federal and state criminal investigations. Through my training, education, and experience, I have become familiar with diversion cases involving the unlawful acquisition of controlled substances, as well as health care benefit programs.

2. During an ongoing investigation, I have developed probable cause to believe that ANDREW VOEGEL-PODADERA, an anesthesiologist resident who worked at several hospitals in the Seattle area, engaged in criminal activity, including, but not limited

Complaint - 2
*United States v. Voegel-Podadera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to, violations of 21 U.S.C. § 843(a)(3). Specifically, VOEGEL-PODADERA unlawfully diverted controlled substances while working as an anesthesiologist and made false statements on medical records to facilitate his diversion of controlled substances.

3. The information in this affidavit comes from my training and experience, my personal observations and review of records, and information obtained from other agents and witnesses, among other sources. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth every fact that I, or others, have learned during this investigation. When the statements of others are set forth in this affidavit, they are set forth in substance and in part.

## Subject of the Investigation

4. Dr. Andrew Martin (Marty) VOEGEL-PODADERA was a resident physician at the University of Washington Medical School and was most recently assigned a rotation at Seattle Children's Hospital. At all relevant times, he held a registration with the Drug Enforcement Administration ("DEA") relating to the prescribing of controlled substances.

## Background on Fentanyl and Hydromorphone Diversion

5. I have participated in the investigation of diversion cases involving the unlawful acquisition of controlled substances, such as fentanyl and hydromorphone. Based on my participation in these investigations and training and experience, I know the following.

6. Fentanyl is a powerful synthetic opioid medication used to relieve severe pain, often during and after surgery. It works by blocking pain signals in the brain and is administered by healthcare professionals in a clinical setting. Fentanyl is classified as a Schedule II controlled substance due, in part, to its potential for abuse. It is approximately 100 times more potent than morphine and 50 times more potent than heroin as an analgesic.

7. Hydromorphone (brand name Dilaudid) is a powerful synthetic opioid medication used to relieve severe pain, often during and after surgery. It works by blocking

Complaint - 3
*United States v. Voegel-Podadera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pain signals in the brain and is administered by healthcare professionals in a clinical setting. Hydromorphone is classified as a Schedule II controlled substance due, in part, to its potential for abuse. Hydromorphone has an analgesic potency approximately two to eight times greater than that of morphine and has a rapid onset of action.

8. Common deceptions or other indicators seen in diversion cases include:

- Late administration of controlled substances;
- Late or excessive wastage of controlled substances;
- Lack of documentation of administration of controlled substances;
- The removal of controlled substances and subsequent wastage of the same amount hours later;
- Removal of controlled substances without a legitimate medical purpose; and
- Behavior indicative of drug abuse.

**Facts Supporting Probable Cause**

*Seattle Children's Hospital*

9. On January 8, 2025, the DEA Seattle Diversion Group received a report indicating that ANDREW VOEGEL-PODADERA was suspected of diverting controlled substances from Seattle Children's Hospital.

10. ANDREW VOEGEL-PODADERA worked at Seattle Children's Hospital on December 27, 2024, as a resident anesthesiologist. He treated three minor patients that day, who I will refer to as Patient 1, Patient 2, and Patient 3, while working with an attending physician who I will refer to as Attending Physician 1.

11. During ANDREW VOEGEL-PODADERA's shift on December 27, 2024, Attending Physician 1 developed suspicions that ANDREW VOEGEL-PODADERA was diverting controlled substances. Among other things, Attending Physician 1 believed that ANDREW VOEGEL-PODADERA was displaying behaviors consistent with drug use, including unexplained delays and absences from the operating room. Attending Physician

Complaint - 4
United States v. Voegel-Podadera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 also observed that ANDREW VOEGEL-PODADERA drew up an excessive amount of fentanyl into syringes that would almost certainly not be needed for their patients that day.

12. When ANDREW VOEGEL-PODADERA completed his work for the day at Seattle Children's Hospital, he returned his controlled substances box to the hospital's pharmacist. He reported on a written medication record that, as to Patient 1, he had administered 60mcg of fentanyl with the remainder from the syringe (40mcg) as wastage. He also reported that a second syringe drawn up for this patient containing 100mcg of fentanyl was wastage. As to Patient 2, he reported that he administered no fentanyl, but that there was a full unused syringe (100mcg) as wastage. He also reported that he administered .2mg of hydromorphone to Patient 2 with the remainder from the syringe (1.8mg) as wastage. Finally, as to Patient 3, he reported 100mcg of fentanyl as wastage.

13. Seattle Children's Hospital arranged for all the substances returned by ANDREW VOEGEL-PODADERA as wastage on December 27, 2024, to be tested. Laboratory analysis found that fentanyl and hydromorphone were absent, and instead the waste syringes appeared to be filled with nothing other than saline solution.

14. According to Seattle Children's Hospital, ANDREW VOEGEL-PODADERA had worked at their location for a total of eleven days before this discovery.

*The Defendant's Admissions*

15. In February 2025, DEA received reports and other documents indicating that ANDREW VOEGEL-PODADERA admitted to diverting controlled substances while working at Seattle Children's Hospital, as well as University of Washington Medical Center (UWMC) and Harborview Medical Center (HMC), going back to January 2024.

16. ANDREW VOEGEL-PODADERA was interviewed about his conduct. I was not present for this interview, but I have reviewed records and witness statements concerning his statements.

17. ANDREW VOEGEL-PODADERA stated he diverted medications from all three facilities starting in January 2024. ANDREW VOEGEL-PODADERA specifically

Complaint - 5
United States v. Voegel-Podadera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

stated that he diverted "probably half the time" of the eleven days he worked at Seattle Children's Hospital, according to written notes from his interview.

18. ANDREW VOEGEL-PODADERA claimed that generally he would draw up a medication, administer a partial amount to the patient, and take the rest for personal use.

19. ANDREW VOEGEL-PODADERA stated he would sometimes take diverted medications during his shift, intravenously.

20. ANDREW VOEGEL-PODADERA stated he sometimes would document that a patient was given a medication, but did not give this medication. ANDREW VOEGEL-PODADERA confirmed that he did this with adult patients and with child patients.

21. ANDREW VOEGEL-PODADERA stated that "probably one day," saline was drawn up, labeled as fentanyl, and administered to a patient. ANDREW VOEGEL-PODADERA said that this happened at Seattle Children's Hospital.

22. ANDREW VOEGEL-PODADERA stated that he diverted fentanyl, remifentanil, sufentanil, hydromorphone, dexmedetomidine, ketorolac, ondansetron, and "occasional" benzodiazepines.

*Subsequent Events*

23. ANDREW VOEGEL-PODADERA's privileges and access to all three hospitals is currently revoked.

24. A DEA investigator obtained and reviewed records from ANDREW VOEGEL-PODADERA's prescribing practices at HMC. HMC records revealed that ANDREW VOEGEL-PODADERA had a history of late or undocumented wastage of controlled substances, extended periods of time between the withdrawal and administration of controlled substances to a patient, the withdrawal of multiple controlled substances at one time for a single patient, and other irregularities in the documentation of controlled

Complaint - 6
*United States v. Voegel-Podadera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substances. The aforementioned are all indicators of the potential diversion of controlled substances.

### Conclusion

26. Based on these facts, I respectfully submit that there is probable cause to believe that ANDREW VOEGEL-PODADERA unlawfully acquired controlled substances by misrepresentation, fraud, deception, and subterfuge, in violation of Title 21, United States Code, Section 843(a)(3). I respectfully request that the Court issue a warrant authorizing his arrest.

*[signed]*, Special Agent
SHAUN SEGER
Special Agent, FDA-OCI

Based on the complaint and affidavit sworn to by telephone, the Court finds that there is probable cause to believe ANDREW VOEGEL-PODADERA committed the offenses set forth in the complaint.

Dated this 18th day of June, 2025.

*[signed]*
HON. BRIAN A. TSUCHIDA
United States Magistrate Judge

Complaint - 7
United States v. Voegel-Podadera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970